# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Sid Brooks

| | |
|---|---|
| In re: | Bankruptcy Case No. 06-18841 SBB |
| | Chapter 7 |
| ANN MARGARET TOMPKINS, | |
| XXX-XX-8886 | |
| Debtor. | |
| | |
| SIMON E. RODRIGUEZ, TRUSTEE, | Adversary Pro No. 10-01956 SBB |
| Plaintiff, | |
| vs. | |
| ANN MARGARET TOMPKINS | |
| Defendant. | |

**ORDER REGARDING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court on the Motion for Summary Judgment and Memorandum Brief for Summary Judgment filed by Simon E. Rodriguez, Chapter 7 Trustee ("Trustee") on July 8, 2011[1] and the Memorandum Brief in Opposition to Summary Judgment filed by Ann Margaret Tompkins ("Defendant" or "Debtor") on July 22, 2011.[2] The Court, having reviewed the pleadings before the Court and this Court's file, makes the following findings of fact, conclusions and enters the following Order.

**I.      Facts**

On November 29, 2006, the Defendant filed for Chapter 7 relief. The Defendant listed interest in a property settlement (the "Property Settlement") on Schedule B of her bankruptcy filing. The Property Settlement Agreement was approved on November 15, 2005. Specifically, the Property Agreement stated that the Defendant "will receive monthly payments starting March 2009 in an amount to be determined for a total payoff amount of no more than $45,000."[3] In Defendant's Schedule C, the Defendant claimed that her interest in the Property Settlement was fully exempt. On April 5, 2007, after the Trustee filed his "Objection to Debtor's Claim of

---

[1]    Docket #30.

[2]    Docket #31.

[3]    Trustee's Exhibit 1, *Defendant's Settlement Agreement*.

Exemption," the Court denied the Debtor's Claim of Exemption. The Trustee initiated an adversary proceeding against the Defendant on September 2, 2009 for failure to make payments to the Trustee under the Property Settlement. On July 29, 2010, after the Trustee had filed a turnover motion, the Court granted the turnover motion requiring the Defendant to turnover all payments made under the Property Settlement to the Trustee within five days. The Defendant did not respond or comply to the Court's turnover order. In August, 2010, the Defendant admitted to receiving between $5,650 and $9,370 in Property Settlement payments from September 8, 2008 through January 5, 2010.[4] Currently, the Defendant still has not complied with the turnover order. On December 7, 2010, the Trustee filed a complaint against the Defendant seeking revocation of the Defendant's discharge pursuant to 11 U.S.C. § 727(d)(2) and § (d)(3), and to turnover the amount of the converted Property Settlement payments pursuant to 11 U.S.C. § 542.

On February 25, 2011, the Defendant filed an answer to the Trustee's complaint. The Defendant argues that; (1) they did not receive actual notice that the amounts were to be paid to the Trustee until she received a letter from the Trustee on September 2, 2009; (2) all Property Settlement payments Defendant received were made before September 2, 2009; (3) Defendant believes she has complied with the Court's turnover order by proposing a payment plan, under which she turnover the post-petition payments to the Trustee. The Defendant admits that she received $4,050 in post-petition payments under the Property Settlement and believes that the estate is entitled to, at most, that amount.

On July 8, 2011, the Trustee filed a motion for summary judgment. The Trustee argues that summary judgment should be granted for revocation of the Defendant's discharge pursuant to 11 U.S.C. § 727(d)(2) because the Defendant acquired property of her bankruptcy estate from the Property Settlement and she knowingly and fraudulently failed to report the acquisition of such property or to deliver or surrender such property as to the Trustee despite his repeated demands and the Court's turnover order. The Trustee argues that summary judgment should be granted for revocation of the Defendant's discharge 11 U.S.C. § 727(d)(3) because the Defendant acquired property of her bankruptcy estate from the Property Settlement during the pendency of her bankruptcy case and that she has refused to obey this Court's turnover order requiring her to turnover such property to the Trustee and to provide the Trustee with an accounting. The Trustee argues that summary judgment should be granted for relief for a money judgment pursuant to 11 U.S.C. § 542 because the Defendant was in possession, custody, or control of bankruptcy estate property after the filing of her bankruptcy petition, that the Trustee was entitled to such property, and that she failed to turnover such property to the Trustee in violation of this Court's turnover order. The Trustee is seeking $9,370 to be turned over to the estate.

On July 22, 2011, the Defendant filed a brief in opposition of the Trustee's motion for summary judgment. The brief admits that the Trustee is entitled to summary judgment regarding

---

[4] Trustee's Exhibit 5, *Defendant's Check Deposit Receipts*.

the revocation of the Defendant's discharge pursuant to 11 U.S.C. § 727(d)(2) and 11 U.S.C. § 727(d)(3). However, the Defendant objects to the Trustee's third claim for summary judgment regarding relief for a money judgment.

## II.     Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[5] A party asserting that a fact cannot be genuinely disputed must support that assertion by "citing to particular parts of the record, including depositions, documents, . . . affidavits or declarations, stipulations . . . ,admissions, interrogatory answer, or other materials."[6] When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.[7] The movant bears the initial burden of establishing that summary judgment is appropriate.[8]

## III.    Discussion

There are no genuine issues of material facts regarding the Defendant's violation of 11 U.S.C. § 727(d)(2) and 11 U.S.C. § 727(d)(3). Thus, the Court will grant the Trustee's first and second claims for relief, and the Defendant's discharge will be revoked.

With respect, however, to the Trustee's third claim for relief, the Trustee is seeking $9,370.00 in which the estate is allegedly entitled to. The Defendant disagrees with the amount the estate is entitled to. In Defendant's Answer, the Defendant states that the Trustee is not entitled to more than $4,050.00. Consequently, there is a genuine issue of material fact regarding the exact amount of Property Settlement payments the Trustee is entitled to. As such, the Court cannot grant the Trustee's third claim for relief for a money judgment pursuant to 11 U.S.C. § 542 on summary judgment.

---

[5]     FED. R. CIV. P. 56(a); FED. R. BANKR. P. 7056.

[6]     FED. R. CIV. P. 56(c)(1)(A).

[7]     *Matsushita Elec. Indus. Co., Ltd. v.Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288 (10th Cir. 1991).

[8]     *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000); *Anderson v.Liberty Lobby*, *Inc.*, 477 U.S. 242, 256 (1986).

**V.      Order**

Based on the forgoing,

  IT IS THEREFORE ORDERED that the Trustee's Motion for Summary Judgment is GRANTED, in part, with respect to his first and second claims for relief, and the Defendant's discharge will be revoked.

  IT IS THEREFORE ORDERED that the Trustee's Motion for Summary Judgment is DENIED, in part, in that his seeking of a judgment on his third claim for relief is DENIED at this time.  The Court will conduct an evidentiary trial with respect to the third claim for relief.

  IT IS FURTHER ORDERED that, as a result of a conflict in scheduling upon the Court's docket, the one-half day trial scheduled to commence at 1:30 p.m. on Tuesday, September 13, 2011, is hereby VACATED and RESCHEDULED to commence at **1:30 p.m. on Monday, September 19, 2011, in Courtroom C-402,** Byron Rogers Federal Courthouse, 1929 Stout Street, Denver, CO.

  IT IS FURTHER ORDERED that any subpoenas issued for the trial setting in the within matter are hereby continued until the rescheduled trial date.

  Dated this 17th day of August, 2011.

                BY THE COURT:

                */s/ Sid Brooks*
                _____
                Sidney B. Brooks,
                United States Bankruptcy Judge